THE MISSOURI PACIFIC RAILWAY COMPANY v. J. W. AND N. A. KING.

No. 420.

1. **Notice to Agent—Railway Company Charged with Notice, When.**—In an action of damages against a railway company for the death of a minor who was employed as brakeman by the company, and was killed while coupling cars in its yards, proof of knowledge on the part of the acting yard master and of the yard foreman who put him to work therein of his minority and inexperience, is sufficient to charge the company with notice thereof.

2. **Master and Servant—Employe Assuming Hazard of the Business.**—An instruction, that if the defendant company (employer) did not inform the deceased (employe) of the hazard and danger of the employment and work at which he was killed, plaintiffs could recover for the death, is not error where it is qualified with the statement that if the jury found that the deceased was inexperienced in such work, and did not know the danger or peril attendant upon it, and that defendant knew of his want of experience and ignorance, and that the injury was not caused by the fault or contributory negligence of the deceased, then they might find for plaintiff; provided, they found the facts constituting negligence on the part of defendant to exist.

ON REHEARING.

3. **Practice—Charge of Court—Special Instructions Properly Refused, When.**—Where a number of requested charges, which in so far as they contained correct propositions were embodied in the main charge, were written on the same sheets, and were refused by the judge, who endorsed thereon as the reasons for refusal that they were so written, and that the substance of those cor-

rect was given in his main charge; *held*, that this amounted to a requirement by the court that such of the charges as were correct should be submitted separately from the others; that such action was within judicial discretion; and that there was no error in refusing to give the charges for the reasons stated in the endorsement of refusal.

Appeal from Hunt.　Tried below before Hon. E. W. Terhune.

*Head & Dillard*, for appellant. — 1.　To charge a corporation with knowledge of the age of one of its employes, it is necessary that such knowledge be brought home to the agent of the corporation who has the power to employ and discharge such employe; and notice to another subordinate agent is not sufficient.　Taylor on Law of Priv. Corp., 210; Kauffman & Runge v. Robey, 60 Texas, 308.

2.　The court erred in refusing to give the first and second charges asked by defendant, or some similar charges covering the same points, because Ed. King, in asking employment from defendant, assumed all risks ordinarily incident to that employment, even though such risk should be one of extraordinary danger and hazard.　Watson v. Railway, 58 Texas, 434; Rogers v. Railway, 76 Texas, 502.

*Dillard & Muse*, for appellant, on the motion for rehearing.—Where in the same requested instruction there are propositions of law that are correct, and others that are incorrect, then the whole charge may be properly refused.　But two charges separate and distinct, presenting wholly different propositions of law, are not properly refused merely because written on the same sheet of paper.　Brownson v. Scanlan, 59 Texas, 222; Railway v. Cullers, 81 Texas, 382.　And where the court has not charged fully upon a material issue in the case, a requested instruction, though incorrect, if sufficient to call the attention of the court to such issue, requires the giving of a proper charge thereon. Kirby v. Estill, 75 Texas, 484; Railway v. Hodges, 76 Texas, 90.

*M. M. Banks* and *Sherrill & Austin*, for appellees.—1.　In order to impute the knowledge of the agent to the principal, it is only necessary that the agent acquire such knowledge while acting as such agent, and that it relate to the business of his agency in the particular transaction.　1 Wood's Ry. Law, 457.

2.　Where there are hazards incident to an occupation which the master knows or ought to know, it is his duty to warn the servant of them fully; and failing to do so, he is liable to him for any injury that he may sustain in consequence of such neglect; and this rule applies even where the danger is patent, if through youth, inexperience, or other cause the servant is incompetent to fully understand the nature and extent of the dan-

ger.   Railway v. Watts, 64 Texas, 568; Railway v. Callbreath, 66 Texas, 526; Wood on Mast. and Serv., 714; Walsh v. Valve Co., 110 Mass., 23.

3.   It is gross negligence in a railway company for it to employ an inexperienced person in any dangerous and hazardous business, knowing such person to be ignorant of the business, unless the company make known and explain fully the danger connected therewith and instruct such person how to avoid the danger.   Railway v. Valirius, 56 Ind., 520; Rorer on Rys., 835, 836; Beach on Con. Neg., 362, 366.

STEPHENS, Associate Justice.—This appeal is from a verdict for $1100, divided equally between appellees, the father and mother of Ed. C. King, who was killed in the summer of 1888, while working in appellant's yard at Greenville, by being crushed between the cars he was coupling.   He was, at the time of his death, about 19 years of age, and had been in the employment of appellant about six weeks.   He was first regularly employed as freight brakeman on the road, but about three days before his death was put to work in the yard.   He was killed in an attempt to couple a Miller hook to an ordinary drawhead, occasioned by their passing each other.   The proof tended to show that work in the yard was more hazardous than on the road; and also that the coupling of a Miller hook to an ordinary drawhead was extra hazardous, because they were not made for each other, and were liable to pass and crush the brakeman.   There was also some evidence of defects in the Miller hook, though it did not distinctly appear that these defects caused the accident.   The proof tended to show, that the deceased was inexperienced in this kind of work, and that this fact, together with his minority, was known to the servants and agents of appellant who had power to employ him, and who put him to work in the yard and directed the manner of his service.   The proof tended to show, that J. B. Turentine, yard foreman, who put deceased to work in the yard, warned him that the service there was more hazardous than on the road, and that he explained (in what manner and to what extent the proof does not show) the danger of coupling the Miller hook with the ordinary drawhead.   It does appear from his testimony that he could not state that he informed the deceased that the Miller hook and drawhead would pass each other.   The proof also tended to show, that the Miller hook in question was the only one then in use by appellant in its Greenville yard on its standard gauge cars, it being on one of its passenger coaches.   There was evidence that deceased had been employed in railroad service against the consent of his father.

We conclude that the record contains evidence from which it may be inferred that deceased came to his death through the negligence of appellant, without contributory negligence on his part, and that it did not result from the ordinary risks assumed.

The first, second, third, and fifth assignments of error question the correctness of the trial court's rulings in admitting evidence to show that appellant had knowledge of the minority of the deceased. It is undisputed that A. L. Downer, who was station agent and acting yardmaster for appellant, with power to employ and discharge brakemen and switchmen, and whose business it was to employ yardmen, had knowledge at the time the deceased was employed and injured both of his minority and inexperience. J. B. Turentine, yard foreman, believing and having reason to believe that the deceased was a minor, put him to work in the yard, with the consent and sanction of Downer. If there was error therefore in the admission of any of this evidence for the purpose of bringing knowledge to Ed. Stall, train dispatcher, who first employed deceased as brakeman on the road, or for the purpose of charging appellant with knowledge through any other agent or servant, the error was harmless, because, at least through Downer and Turentine, appellant is shown to have had knowledge of this fact.

The sixth, seventh, and eighth assignments of error complain of the refusal of the court below to give the first, second, third, and seventh special charges requested by appellant. In refusing these charges the judge states, among other things, that they were refused because not separately submitted. The first, second, and third seem to have been written upon a sheet of paper which contained also three other special charges, all consecutively numbered. The seventh requested charge was likewise accompanied by a separate requested instruction, numbered eighth. We think the court did not err in refusing to give these instructions for the reasons stated in connection with his endorsement of refusal.

The eighth assignment of error complains of the court's third charge. The proposition submitted under this assignment is this:

" If the servant at the time he is injured knows of the hazard attending the act, he can not recover, no matter how he came by such knowledge. It is not necessary that he should receive the knowledge by a special warning from the master."

This paragraph of the charge was qualified with the statement, in effect, that if the jury found that Ed. King was inexperienced in such duties, and did not know of the danger or peril attendant upon the performance of such duties, and that defendant knew of his want of experience and his ignorance, and that the injury was not caused by the fault or contributory negligence of Ed. King, the jury might find for plaintiff, provided they found the facts constituting negligence on the part of the defendant to exist. We conclude therefore that this assignment, as interpreted by the proposition under it, is not well taken. No further complaint is made of the charge, and the only remaining assignment questions the sufficiency of the evidence to sustain the verdict.

We are of opinion, that the issues were clearly and fairly submitted to the jury by the charge, and that there is evidence to support the verdict. There is therefore nothing left us but to affirm the judgment, and it is so ordered.

*Affirmed.*

Delivered January 10, 1893.

ON MOTION FOR REHEARING.

STEPHENS, ASSOCIATE JUSTICE.—The construction placed by appellant upon the conclusions heretofore filed seems to require a fuller statement of the grounds upon which we sustained the refusal of certain requested instructions, lest the decision should be misleading on a question of practice.

The first charge requested and signed by counsel for appellant contained six paragraphs, numbered as follows: 1, 2, 3, 4, 5, 6. Following the signature of counsel is this indorsement:

" I refuse these charges; some of them are correct, but as they are all written on the same sheets of paper, one closely following the other, I can not separate one from the other and give such as are correct and refuse the incorrect ones. I think the substance of those which are correct is given in the main charge.

" E. W. TERHUNE, Judge."

The second charge requested and signed by counsel contained two paragraphs, numbered 7 and 8, and is accompanied with this indorsement: " Refused, because both are on one sheet of paper, and as far as deemed correct, already given."

These indorsements seem to have been made when the charges were requested, and amounted to a requirement by the trial court that such as were correct should be presented in such form as that they might be read to the jury and carried with them in their retirement, without the necessity of culling and copying the good in order to eliminate the bad. We are of opinion that counsel, who are officers of the court, may properly be required to conform to a demand so reasonable. We are not passing upon a case where the ground of refusal is not stated. We hold, that in order to properly comply with articles 1319 and 1321 of the Revised Statutes, the requirement of the court in this case was within judicial discretion and reasonable.

The same principle was repeated in some of these paragraphs which were correct and had already been given in the court's charge. In so far as these requested instructions contained correct propositions, we think they were substantially embodied in the main charge. We therefore adhere to the conclusion heretofore announced, that " the court did not err

in refusing to give these instructions, for the reasons stated in connection with his indorsement of refusal."

The rehearing will be refused.

*Overruled.*

Delivered February 22, 1893.

Justice Head did not sit in this case.